J-S57004-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| BRYAN JOHNS, | : | |
| | : | |
| Appellant | : | No. 1470 EDA 2013 |

Appeal from the Judgment of Sentence April 25, 2013,
Court of Common Pleas, Philadelphia County,
Criminal Division at No. CP-51-CR-0004774-2011

BEFORE:  DONOHUE, MUNDY and STABILE, JJ.

MEMORANDUM BY DONOHUE, J.: **FILED OCTOBER 06, 2014**

Bryan Johns ("Johns") appeals from the April 25, 2013 judgment of sentence entered by the Philadelphia County Court of Common Pleas following his convictions of possession of a controlled substance with intent to deliver and possession of drug paraphernalia.[1]  We affirm.

The testimony adduced at trial reveals the following relevant facts.  At approximately 9:00 p.m. on February 10, 2011, Officer Jeffrey Middleton, a surveillance officer with the Philadelphia Police Department's Narcotics Enforcement Team, set up surveillance in the 1300 block of East Price Street.  N.T., 2/26/13, at 32, 35.  He was in plain clothes and on foot, approximately 50 to 60 feet from the house located at 1351 East Price Street.  *Id.* at 35.  In the one hour and twenty minutes he conducted

---

[1]  35 P.S. § 780-113(a)(30), (32).

surveillance, he observed on three occasions people come onto the porch at 1351 East Price Street, engage in a brief conversation with Johns and hand Johns an unknown amount of money. *Id.* at 41, 49-50, 52. On all three occasions, Johns thereafter walked inside the house, returned two-to-three minutes later and handed the person "small items" that Officer Middleton could not see from a distance. *Id.* at 41-43, 49-50, 52. Officer Middleton radioed his backup officers each time the purchasers left the porch of 1351 East Price Street, and Officer Jennifer Skrocki effectuated the arrest of the second purchaser, Galen Whitaker ("Whitaker"). *Id.* at 44-45, 50, 52-53, 101. Officer Skrocki recovered two clear vials with clear lids containing crack cocaine from Whitaker. *Id.* at 100.

After the third transaction, Johns left the porch of 1351 East Price Street. *Id.* at 54. Officer Middleton radioed to his backup officers to stop Johns, which was done by Officer Seante Warren. *Id.* at 55. He recovered $49 from Johns' person during the search incident to arrest. N.T., 2/27/11, at 11. No narcotics were recovered from Johns. N.T., 2/26/11, at 89. When police filled out the biographical report, Johns provided 1351 East Price Street as his address. *Id.* at 104.

Officer Middleton and his sergeant "cleared the house" to ensure to that no one was inside. *Id.* at 56. Believing there would be evidence and contraband inside, the police then obtained a search warrant for 1351 East Price Street. *Id.* at 57-58. From a bedroom on the third floor of the house

police recovered a piece of mail with Johns' name and address; Johns' Pennsylvania identification card; a scale; eight clear baggies with an apple logo; numerous new, unused red-tinted baggies; a box of sandwich bags; a clear bag with new, unused clear vials with clear lids; and a gray box with two sandwich bags, one containing 103 clear glass vials with plastic lids that were filled with crack cocaine and the other containing 26 red-tinted packets filled with marijuana. *Id.* at 59-60. According to Officer Middleton, the vials containing the narcotics recovered from Whitaker were identical to the vials recovered from the search of the house. *Id.* at 61.

Johns' father, Bryan Johns, Sr. ("Johns Sr."), testified on Johns' behalf and stated that Johns did not live at 1351 East Price Street in February of 2011. N.T., 2/27/13, at 94. He testified that he returned home from a meeting at approximately 8:15 p.m., at which time Johns was helping his grandmother unload groceries. *Id.* at 95-96. According to Johns Sr., no more than six minutes later, the police came and placed him and other friends and family members who were at the house in handcuffs. *Id.* at 97-98. He did not observe Johns selling drugs. *Id.* at 100. Johns Sr. was unaware that there were drugs in a third-floor bedroom in his house. *Id.* at 102. He testified that there were two bedrooms located on the third floor of the house, and they were "just open" to any close family member that needed a place to stay. *Id.* at 103. Although Johns stayed at his father's

house sometimes, Johns Sr. testified that Johns never slept on the third floor. *Id.* at 112.

After two days of testimony, the jury convicted Johns of the aforementioned offenses. On April 25, 2013, the trial court sentenced Johns to two to four years of incarceration followed by six years of probation. Johns did not file any post-sentence motions. He filed a timely notice of appeal on May 23, 2013, followed by a court-ordered concise statement of errors complained of on appeal. He raises two issues for our review:

> 1. Whether the evidence was sufficient to support a conviction for possession with intent to deliver [a] controlled substance and related offenses?
>
> 2. Whether [the] verdict was against the weight of the evidence?

Johns' Brief at 4.

We begin with Johns' challenge to the sufficiency of the evidence. "Whether sufficient evidence exists to support the verdict is a question of law; our standard of review is *de novo* and our scope of review is plenary." *Commonwealth v. Murray*, 83 A.3d 137, 151 (Pa. 2013). We review the evidence in the light most favorable to the verdict winner to determine whether there is sufficient evidence to allow the jury to find every element of a crime beyond a reasonable doubt. *Commonwealth v. Cahill*, 95 A.3d 298, 300 (Pa. Super. 2014).

> In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-

finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Id.* (citation omitted).

Johns asserts that the evidence presented was insufficient to prove that he possessed the drugs and paraphernalia in question. Johns' Brief at 9-12. The trial court found that the Commonwealth presented adequate evidence that Johns constructively possessed the contraband, warranting his convictions. Trial Court Opinion, 11/21/13, at 7-8.

The trial court is correct in finding that because Johns was not in actual physical possession of the drugs seized from the residence, the Commonwealth had to prove constructive possession. ***Commonwealth v. Hopkins***, 67 A.3d 817, 820 (Pa. Super. 2013), *appeal denied,* 78 A.3d 1090 (Pa. 2013).

Constructive possession is a legal fiction, a pragmatic construct to deal with the realities of criminal law enforcement. Constructive possession is an inference

- 5 -

arising from a set of facts that possession of the contraband was more likely than not. We have defined constructive possession as conscious dominion. We subsequently defined conscious dominion as the power to control the contraband and the intent to exercise that control. To aid application, we have held that constructive possession may be established by the totality of the circumstances.

*Id.* at 820-21 (citation omitted).

The evidence presented reveals that police observed Johns selling drugs from the porch of 1351 East Price Street. N.T., 2/26/13, at 41-43, 49-50, 52. Police recovered the drugs Johns sold to Whitaker, which were packaged identically to drugs found on the third floor of 1351 East Price Street. *Id.* at 61, 100. In a drawer located in the same bedroom, police also found Johns' Pennsylvania identification card and a piece of mail bearing his name. *Id.* at 59-60. Although the identification card did not list 1351 East Price Street at Johns' address, Johns indicated to police that he lived there. *Id.* at 104. This evidence sufficiently proves that Johns constructively possessed the drugs in question. *See Commonwealth v. Walker*, 874 A.2d 667, 678 (Pa. Super. 2005) (constructive possession of drugs found in a basement office where the defendant was present at the home when police conducted the search; the defendant told police he lived there; and police found mail in the office bearing the defendant's name).

Johns states that it is his belief that police planted the Pennsylvania identification card and mail bearing his name in the third floor bedroom. He

asserts that this belief is supported by the fact that the police included Johns' Pennsylvania identification number on the biographical report, but Johns supposedly did not have his identification card on him, and the fact that the police did not take any photographs of the mail allegedly found on the third floor. Johns' Brief at 10-11. We disagree. First, viewing the evidence in the light most favorable to the Commonwealth, as our standard of review requires, the record does not support a finding that the police planted the items. Second, this challenge implicates the weight of the evidence, not its sufficiency, and thus entitles him to no relief on his challenge to the sufficiency of the evidence. As the evidence of record supports the verdict, we find no merit to Johns' sufficiency claim.

As his second issue on appeal, Johns asserts that the weight of the evidence does not support his conviction. Johns' Brief at 12-13. This issue is waived, as Johns failed to raise it either at sentencing or in a post-sentence motion. Pa.R.Crim.P. 607(A); *Commonwealth v. Thompson*, 93 A.3d 478, 490 (Pa. Super. 2014).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/6/2014