**COMMONWEALTH of Pennsylvania**

v.

**William HOPKINS, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 7, 2013.
Filed May 20, 2013.

Jessica L. Herndon, and Suzanne M. Swan, Public Defender, Pittsburgh, for appellant.

Michael Streily, Deputy District Attorney, Francesco L. Nepa, Assistant District Attorney, Pittsburgh, for Commonwealth.

BEFORE: FORD ELLIOTT, P.J.E., BOWES and DONOHUE, JJ.

OPINION BY FORD ELLIOTT, P.J.E.:

William Hopkins appeals from the judgment of sentence entered on October 24, 2011 in the Court of Common Pleas of Allegheny County. Following a jury trial, appellant was convicted of carrying a firearm without a license, possession with intent to deliver ("PWID"), and simple possession. Thereafter, the trial court also found appellant guilty of a summary parking offense. We affirm.

The facts, as aptly summarized by the trial court, are as follows:

At approximately 9:15 p.m. on December 23, 2009, Detective Jason Moss, a trained narcotics detective with the City of Pittsburgh Police Department, observed an individual pacing around a grocery store parking lot and making calls on a cellular phone. Detective Moss recognized that man from a previous encounter a month earlier as a drug user. Detective Moss testified that, after making calls, the man walked to the side of a building and began counting his money. Detective Moss then observed a

car pull up on a side street near the man and park against traffic under a "No Parking" sign. The Detective contacted his partners, who approached the vehicle. Upon observing the police approaching, the known drug user turned away from the car, fled the scene and escaped apprehension.

Detective Charles Higgins, one of Detective Moss's partners that evening, testified that as he approached the car, he observed a juvenile later identified as [T.H.] throw an open brick of heroin to the car floor with his right hand. Detective Edward Fallert also observed [T.H.] throw a brick of heroin onto the floor of the vehicle. [T.H.] was arrested and the heroin was seized. As he approached the car, Detective Higgins also observed a loaded Smith & Wesson 0.38 caliber firearm between [T.H.'s] seat and the center console.

Detective Mark Goob approached the driver's side of the vehicle and observed Appellant, the driver, start to reach down between the console and the driver's seat and push his hand down into that area. Detective Goob ordered Appellant out of the vehicle. In the vehicle, between the driver's seat and the center armrest, Detective Goob recovered two additional bricks of heroin. Counsel for Appellant stipulated that whoever possessed the heroin in the car did so with intent to distribute it, and not for personal use. Detective Fallert recovered $361.00 in cash and two cellular phones from Appellant pursuant to a search incident to arrest.

Trial court opinion, 4/2/12 at 3–4. A total of 150 stamp bags of heroin were found inside the vehicle; 50 were in the brick thrown by T.H. onto the floor on the passenger side of the vehicle and 100 were in the two bricks located between the driver's seat and the center console.

Appellant was charged with one count each of person not to possess a firearm, 18 Pa.C.S.A. § 6105(a)(1), carrying a firearm without a license, 18 Pa.C.S.A. § 6106(a)(1), PWID (heroin), 35 P.S. § 780–113(a)(30), and possession of a controlled substance (heroin), 35 P.S. § 780–113(a)(16). Appellant was also charged with one summary traffic count of prohibitions in specified places, 75 Pa.C.S.A. § 3353. Subsequently, the trial court granted appellant's motion to sever the charge of person not to possess a firearm. On May 11, 2011, a jury trial was held; appellant failed to return to the courthouse after jury selection and, as a result, was tried *in absentia*. Appellant was found guilty of all counts, and the Honorable Jill E. Rangos found appellant guilty of the summary traffic count.

On October 17, 2011, a sentencing hearing was held *in absentia*. The Commonwealth had provided notice of its intention to seek the two separate mandatory minimum sentences applicable to the PWID count. Specifically, the two-year mandatory minimum sentencing enhancement pursuant to 18 Pa.C.S.A. § 7508(a)(7)(i) by virtue of the heroin weighing more than one gram, and the five-year mandatory minimum sentence pursuant to 42 Pa. C.S.A. § 9712.1 because a gun was in close proximity to the drugs. Appellant was sentenced to 40 to 80 months' imprisonment for carrying a firearm without a license and a consecutive 7 to 15–year term for PWID; no further penalties were imposed on the remaining counts. Thereafter, on October 24, 2011, appellant was resentenced to the same sentence but provided credit for 8 days of time served.

Notice of appeal was filed on November 22, 2011. Appellant complied with the trial court's order to file a concise statement of errors complained of on appeal within 21 days pursuant to Pa.R.A.P., Rule

1925(b), 42 Pa.C.S.A., and the trial court has filed an opinion. The following issues have been presented for our review:

I. DID THE TRIAL COURT VIO-LATE THE PROHIBITION ON DOUBLE JEOPARDY BY IMPOS-ING TWO MANDATORY MINI-MUM SENTENCES AT THE SAME COUNT OF [PWID], THEREBY RENDERING [AP-PELLANT'S] SENTENCE ILLE-GAL?

II. DID THE COMMONWEALTH PROVE BEYOND A REASON-ABLE DOUBT THAT [APPEL-LANT] WAS IN JOINT CON-STRUCTIVE POSSESSION OF THE FIREARM AND HEROIN ALONG WITH HIS JUVENILE PASSENGER, T.H., WHO HAD ENTERED AN ADMISSION IN JUVENILE COURT TO POS-SESSING THESE ITEMS, OR THAT [APPELLANT] WAS ACT-ING AS AN ACCOMPLICE OF T.H.?

Appellant's brief at 6.[1]

■ We begin our review with the second issue presented concerning the sufficiency of the evidence. Appellant argues that the Commonwealth failed to establish his constructive possession of the heroin and the firearm found in the vehicle that he was driving at the time of arrest. No relief is due.

Our standard of review in a sufficiency of the evidence challenge is to determine if the Commonwealth established beyond a reasonable doubt each of the elements of the offense, considering all the evidence admitted at trial, and drawing all reasonable inferences therefrom in favor of the Commonwealth as the verdict-winner. The trier of fact bears the responsibility of assessing the credibility of the witnesses and weighing the evidence presented. In doing so, the trier of fact is free to believe all, part, or none of the evidence.

*Commonwealth v. Newton*, 994 A.2d 1127, 1131 (Pa.Super.2010), *appeal denied*, 608 Pa. 630, 8 A.3d 898 (2010), quoting *Commonwealth v. Pruitt*, 597 Pa. 307, 318, 951 A.2d 307, 313 (2008) (citations omitted). The Commonwealth may sustain its burden by means of wholly circumstantial evidence, and we must evaluate the entire trial record and consider all evidence received against the defendant. *Commonwealth v. Markman*, 591 Pa. 249, 270, 916 A.2d 586, 598 (2007).

■ As appellant was not in physical possession of the contraband, the Commonwealth was required to establish that he had constructive possession of the seized items to support his convictions.

Constructive possession is a legal fiction, a pragmatic construct to deal with the realities of criminal law enforcement. Constructive possession is an inference arising from a set of facts that possession of the contraband was more likely than not. We have defined constructive possession as conscious dominion. We subsequently defined conscious dominion as the power to control the contraband and the intent to exercise that control. To aid application, we have held that constructive possession may be established by the totality of the circumstances.

*Commonwealth v. Brown*, 48 A.3d 426, 430 (Pa.Super.2012), *appeal denied*, —— Pa. ——, 63 A.3d 1243 (2013) (internal quotation marks and citation omitted). Additionally, it is possible for two people to

1. Additional issues contained in his Rule 1925(b) statement have not been presented by appellant to our court in his brief; hence, we deem them to have been abandoned.

have joint constructive possession of an item of contraband. *Commonwealth v. Sanes,* 955 A.2d 369, 373 (Pa.Super.2008), *appeal denied,* 601 Pa. 696, 972 A.2d 521 (2009).

Appellant suggests that he was unaware of any criminal activity and was merely driving the vehicle. Appellant contends that T.H., the juvenile passenger, was the sole possessor of the drugs and gun. Appellant directs our attention to T.H.'s testimony at trial and his admissions in juvenile court.[2] The jury, however, did not credit T.H.'s testimony. Again, the finder of fact is free to believe some, all, or none of the evidence presented. *Newton, supra.*

When viewed in their totality, the facts and circumstances support the finding that appellant was in constructive possession of the contraband and the weapon. Minutes after a known drug user was observed making a cell phone call, pacing in a vacant lot, and counting money, appellant drove his vehicle the wrong way into a dark side street. As the police approached, the known drug user fled. When the transaction was thwarted, Detective Goob, a ten-year veteran of the narcotics unit, observed appellant attempt to hide two bricks of heroin in the space between the driver's seat and the center console of the vehicle he was driving. The detective also observed T.H. throw a brick of heroin onto the floor of the vehicle. The firearm was found within arms-length of where appellant was seated. Additionally, upon arrest, appellant was found with two cell phones and $361 in cash; the juvenile had no money on his person. Appellant is entitled to no relief.

■ Next, appellant challenges his sentence on the count of PWID. Appellant does not dispute that the mandatory minimum sentencing statutes applied were both applicable. (Appellant's brief at 18.) Rather, he argues that he cannot receive two mandatory minimum sentences at his conviction for PWID. Specifically, appellant claims that the imposition of two mandatory sentences, whether concurrently or consecutively, at one count violates the prohibition against double jeopardy. (*Id.* at 19.) Appellant avers that his sentence is illegal and must be vacated. We disagree.

■ As a general rule, "a challenge to the application of a mandatory minimum sentence is a non-waivable challenge to the legality of sentence." *Commonwealth v. Diamond,* 945 A.2d 252, 256 (Pa.Super.2008), *appeal denied,* 598 Pa. 755, 955 A.2d 356 (2008).

> The scope and standard of review applied to determine the legality of a sentence are well established. If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated. In evaluating a trial court's application of a statute, our standard of review is plenary and is limited to determining whether the trial court committed an error of law.

*Commonwealth v. Leverette,* 911 A.2d 998, 1001 (Pa.Super.2006) (citations omitted). "[W]hen determining the meaning of a statute, a court must begin with the plain meaning of the language used in that statute.... It is only when a statute is unclear that the court may embark upon the task of ascertaining the intent of the legislature." *Commonwealth v. Sanchez–Rodriguez,* 814 A.2d 1234, 1237 (Pa.Super.2003),

---

2. T.H. was only charged with possessing one brick of heroin. At appellant's trial, T.H. testified that the gun and all three bricks of heroin belonged to him exclusively. (Notes of testimony, 5/12/11 at 62–64.)

quoting *Commonwealth v. Barnhart*, 722 A.2d 1093, 1095 (Pa.Super.1998), *appeal denied*, 559 Pa. 672, 739 A.2d 539 (1999).

Again, the trial court sentenced appellant to a term of 7 to 15 years of incarceration on the PWID conviction. This sentence included the 5–year mandatory minimum as a firearm appellant possessed was in close proximity to the heroin, 42 Pa.C.S.A. § 9712.1(a),[3] and a two-year mandatory minimum pursuant to 18 Pa. C.S.A. § 7508(a)(7)(i)[4] as the weight of the heroin was 3.76 grams. (*See* notes of testimony, 10/17/11 at 7.)

The relationship between these two mandatory minimums is explained in subsection (b) of 42 Pa.C.S.A. § 9712.1 as follows:

> **(b) Limitation on aggregate sentences.**—Where a defendant is subject to a mandatory minimum sentence under 18 Pa.C.S. § 7508(a) (relating to drug trafficking sentencing and penalties) and is also subject to an additional penalty under subsection (a) and where the court elects to aggregate these penalties, the combined minimum sentence may not exceed the statutory maximum sentence of imprisonment allowable under The Controlled Substance, Drug, Device and Cosmetic Act.

42 Pa.C.S.A. § 9712.1(b). Thus, the statute specifically provides that these mandatory minimum sentences can, at the discretion of the trial court, be aggregated, limited only by the statutory maximum. Instantly, the trial court did not exceed the maximum sentence for the offense of PWID.

There is no ambiguity or lack of clarity in the statutory provisions at issue here. Clearly, the legislature has determined that when committed with a firearm, the crime of PWID warrants a specific and unalterable minimum sentence. It follows that additional separable sentencing enhancements may arise from the same crime and may be applied.

Appellant argues, "[r]egardless of what § 9712.1(b) says or permits, however, it is well-settled that 'the Constitution is the

---

**3.** In relevant part, 42 Pa.C.S.A. § 9712.1 provides:

> **(a) Mandatory sentence.**—Any person who is convicted of a violation of section 13(a)(30) of the act of April 14, 1972 (P.L. 233, No. 64), known as The Controlled Substance, Drug, Device and Cosmetic Act, when at the time of the offense the person or the person's accomplice is in physical possession or control of a firearm, whether visible, concealed about the person or the person's accomplice or within the actor's or accomplice's reach or in close proximity to the controlled substance, shall likewise be sentenced to a minimum sentence of at least five years of total confinement.

42 Pa.C.S.A. § 9712.1(a) (internal footnote omitted).

**4.** In relevant part, 18 Pa.C.S.A. § 7508 provides:

> **(a) General rule.**—Notwithstanding any other provisions of this or any other act to the contrary, the following provisions shall apply:
>
> . . . .
>
> (7) A person who is convicted of violating section 13(a)(14), (30) or (37) of The Controlled Substance, Drug, Device and Cosmetic Act where the controlled substance or a mixture containing it is heroin shall, upon conviction, be sentenced as set forth in this paragraph:
>
> . . . .
>
> (i) when the aggregate weight of the compound or mixture containing the heroin involved is at least 1.0 gram but less than 5.0 grams the sentence shall be a mandatory minimum term of two years in prison and a fine of $5,000 or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity . . .

18 Pa.C.S.A. § 7508(a)(7)(i).

Supreme Law of the land and legislative acts are subordinate ...' " He maintains the Pennsylvania and United States Constitutions' prohibition of double jeopardy was violated as he alleges he received multiple punishments for the same offense.

In support of this argument, appellant directs our attention to *Commonwealth v. McLaughlin*, 393 Pa.Super. 277, 574 A.2d 610 (1990), *appeal denied*, 527 Pa. 616, 590 A.2d 756 (1991), *cert. denied*, 502 U.S. 916, 112 S.Ct. 320, 116 L.Ed.2d 261 (1991). In *McLaughlin*, the defendant entered a bar and repeatedly fired his shotgun, killing one person and injuring three others. *Id.* at 612. He subsequently pled guilty to third-degree murder, three counts of aggravated assault, recklessly endangering another person, and criminal mischief. *Id.* Prior to sentencing, the Commonwealth filed notice of its intention to proceed under the provisions of 42 Pa.C.S.A. § 9712(b), requiring mandatory minimum sentences of at least five years for the commission of third degree murder and aggravated assault while visibly possessing a firearm. He was sentenced to a term of 10 to 20 years on the murder charge, 3 terms of 5 to 10 years for aggravated assault, 1 to 2 years for reckless endangerment and 6 months to 1 year for criminal mischief, with the first three counts running consecutive to each other and the other three counts running concurrently with the first three. *Id.*

On appeal, the defendant argued the sentencing court rendered an illegal sentence in imposing four mandatory minimum sentences for crimes arising out of a single criminal episode involving visible possession of a firearm. He claimed the sentence violated the legislative intent behind the mandatory minimum sentencing provisions and the double jeopardy clause of the Fifth Amendment of the United States Constitution. *Id.* at 617. The de-

fendant averred that Section 9716 was applicable, which states that when two or more sections requiring mandatory minimum sentences are applicable, a court must impose the greater penalty. 42 Pa. C.S.A. § 9716. In upholding the sentence imposed, this court explained "*[t]his is not a case in which two mandatory sentences apply to a single crime,* but one in which there are several crimes (or victims), each of which calls for a separate mandatory sentence." *Id.* (emphasis added). We rejected the appellant's claim that Section 9716 had been violated.

Appellant hangs his hat on the first clause of the latter sentence and argues that the instant case is a case in which two mandatory minimum sentences apply to a single crime. Appellant suggests that *McLaughlin* would render the imposition of two mandatory minimum sentences illegal. We disagree that *McLaughlin* stands for such a prohibition and concur with the Commonwealth that the language relied upon in *McLaughlin*, published nearly 15 years before the enactment of Section 9712.1(b), is *dicta* and "contrary to the will of our state legislature, as evidenced by [Section] 9712.1(b)." (*See* Commonwealth's brief at 12.) The legislature clearly intended to provide the sentencing court with discretion to aggregate the mandatories under Section 7508 and Section 9712.1(b).

Substantial deference is granted to the "broad authority that legislatures necessarily possess in determining the types and limits of punishments for crimes." *United States v. Walker*, 473 F.3d 71, 82 (3rd Cir.2007). As the Pennsylvania Supreme Court noted in *Commonwealth v. Zortman*, 611 Pa. 22, 23 A.3d 519 (2011), the available legislative history indicates that the General Assembly's main concern in enacting Section 9712.1 was:

to provide law enforcement and prosecution personnel across the Commonwealth with greater means to "break the link between guns and drugs once and for all.... The whole purpose of this legislation to provide a mandatory sentence is to take guns out of drug trafficking and stop gun violence." Consideration of H.B. 752 Continued, Pa. H.R. Reg. Sess. No. 105 (Dec. 16, 2003) (statement of Rep. Bard of Montgomery County); "The purpose of this amendment is to provide a deterrent for those who are dealing in drugs and using firearms." Reconsideration of A5329, Pa. S. Reg. Sess. No. 65 (Nov. 19, 2004) (statement of Sen. Piccola of Dauphin County).

*Zortman, supra* at 34 n. 4, 23 A.3d at 526 n. 4. Thus, in enacting Section 9712.1, the legislature recognized that drug dealers can be violent and those who find themselves where firearms are present will be subject to more severe penalties.

Finally, as the trial court notes, appellant's argument that the sentence violates double jeopardy provisions is meritless. The Fifth Amendment guarantee against double jeopardy protects against, *inter alia,* multiple punishments for the same offense. *North Carolina v. Pearce,* 395 U.S. 711, 717, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969); *Commonwealth v. Kirchner,* 348 Pa.Super. 190, 501 A.2d 1134, 1136 (1985). Applying the two sentencing enhancements does not constitute multiple punishments for the same offense; rather, the enhancements merely increase the appropriate sentencing range without any increase in the maximum sentence possible. *See Kirchner,* 501 A.2d at 1136 (42 Pa. C.S.A. § 9712, does not create a separate crime, but merely a minimum sentence; and therefore does not violate double jeop-

ardy proscription of successive prosecutions for same offense).

Judgment of sentence affirmed.