**[J-24-2016] [MO: Saylor, C.J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

COMMONWEALTH OF PENNSYLVANIA, : No. 68 MAP 2015
:
         Appellant : Appeal from the Order of the Superior
: Court at No. 1962 MDA 2013 dated
: December 24, 2014 Vacating and
         v. : Remanding the Judgment of Sentence
: of the Lancaster County Court of
: Common Pleas, Criminal Division, at
MATTHEW BRYAN WOLFE, : No. CP-36-CR-5791-2012 dated
: October 1, 2013.
         Appellee :
: ARGUED:  November 18, 2015
: RESUBMITTED:  January 20, 2016

**CONCURRING OPINION**

**JUSTICE BAER**                             **DECIDED:  June 20, 2016**

I join the learned majority opinion in full with the exception of its discussion of whether a challenge to a mandatory minimum sentence based on Alleyne v. United States, ___ U.S. ___, 133 S. Ct. 2151 (2013), implicates legality of sentence and is therefore non-waivable.  I believe this to be a threshold issue that we should decide before proceeding to the merits of the Commonwealth's appeal.  In my view, the fact that the Commonwealth fails to address the correct line of cases pertinent to this threshold issue does not prevent us from deciding it.  If Alleyne challenges are waivable, then we would be constrained to reverse the Superior Court's action in addressing the Alleyne challenge *sua sponte* because Appellee failed to preserve the issue at the first instance.  Rather than defer the issue, I would hold that a challenge to

a mandatory minimum sentence based on Alleyne does implicate legality and is, thus, non-waivable.

As the majority notes, this Court addressed whether challenges to a mandatory minimum sentence were waivable in Commonwealth v. Foster, 17 A.3d 332 (Pa. 2011), which resulted in a plurality opinion. However, a majority of justices in Foster agreed that a challenge to the application of a mandatory minimum sentence was not waivable. The split among the Court involved the reasoning as to why the issue was non-waivable.

In my expression in Foster, I concluded that because a sentencing court loses its authority to exercise discretion when a mandatory minimum sentence applies, the question of the propriety of applying a mandatory minimum sentencing provision implicates legality. Similarly, several panels of the Superior Court have determined that an Alleyne challenge implicates legality of sentence and therefore is non-waivable. See, e.g., Commonwealth v. Watley, 81 A.3d 108, 118 (Pa. Super. 2013) (*en banc*) (citing Foster for the proposition that "[a]pplication of a mandatory minimum sentence gives rise to illegal sentence concerns," and thus a challenge to such is non-waivable); Commonwealth v. Hopkins, 67 A.3d 817, 821 (Pa. Super. 2013) ("As a general rule, a challenge to the application of a mandatory minimum sentence is a non-waivable challenge to the legality of sentence." (internal quotations omitted)); Commonwealth v. Newman, 99 A.3d 86, 90 (Pa. Super. 2014) (*en banc*) (same).

Accordingly, I would simply decide the threshold waiver issue in conformity with the view I expressed in Foster as well as that taken by the Superior Court and find that a challenge based on Alleyne involves the legality of one's sentence and is not waivable. Therefore, the fact that Appellee did not preserve the issue does not preclude

him from obtaining the relief afforded to him by the Superior Court, which the majority opinion skillfully and correctly affirms.

Justice Wecht joins this concurring opinion.