J-S16006-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MATTHEW DILLION | : | |
| | : | |
| Appellant | : | No. 1357 EDA 2019 |

Appeal from the Judgment of Sentence Entered May 2, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0006855-2018

BEFORE:  DUBOW, J., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY DUBOW, J.:                    **FILED APRIL 21, 2020**

Appellant, Matthew Dillon, appeals from the May 2, 2019 Judgment of

Sentence entered in the Philadelphia County Court of Common Pleas following

his conviction after a bench trial of Possessing a Firearm Prohibited, Carrying

a Firearm Without a License, Carrying a Loaded Weapon, Carrying a Firearm

on a Public Street, and Knowing and Intentional Possession of a Controlled

Substance.[1]  After careful review, we affirm.

The charges in this case stem from the police search of a parked vehicle

in which Appellant was sitting in the driver's seat.   The facts most relevant to

this appeal, as gleaned from the Notes of Testimony, are as follows.   On

January 9, 2018, Philadelphia Police Officers Connor Dooley and John Teetz

were in their patrol vehicle when they observed a white Nissan parallel-parked

---

[1] 18 Pa.C.S. §§ 6105, 6106, 6106.1, and 6108, and 35 P.S. § 780-113(a)(16),
respectively.

legally on the side of the road with its engine running. As they approached the Nissan, still in their patrol vehicle, the officers observed the windows roll up quickly and noticed the engine shut off. The Nissan's heavily-tinted windows obscured the officers' view into the car and they initially could not tell if there were any passengers inside.

The officers stopped their vehicle parallel to the parked Nissan. From this vantage point, Officer Dooley observed two men sitting in the front of the Nissan: Appellant in the driver's seat, David Lerma ("Lerma") in the front passenger seat, and Mr. Daut in the back seat.[2] Officer Teetz directed the car's passengers to roll down the windows. The men inside the car complied, and the officers immediately smelled a strong odor of fresh marijuana.[3]

Upon detecting the odor of marijuana, Officer Teetz put their police vehicle into park. Officer Dooley began to exit the police vehicle, whereupon Appellant exited the Nissan and fled.[4] Officer Dooley unsuccessfully gave chase. He returned to the police vehicle where he saw that Officer Teetz had drawn his gun and was pointing it at Lerma and Mr. Daut. The officers instructed the men to exit the Nissan and placed them in handcuffs. A frisk

---

[2] The Notes of Testimony do not provide Mr. Daut's first name, and the stenographer noted in the transcript her uncertainty about the spelling of Mr. Daut's name.

[3] This is in contrast to the odor of burnt, or smoked, marijuana, which the officers did not smell emanating from the vehicle.

[4] Officer Dooley described the man who fled from the driver's side of the Nissan as a white male with a red beard.

of Lerma resulted in the discovery and seizure of thirteen clear packets filled with marijuana from his right sweatshirt pocket.

Officer Dooley then conducted a search of the Nissan. During the search, he observed in plain view under the driver's seat the butt of a handgun. The handgun was operable, had a bullet in the chamber, and had six live rounds in the magazine. Officer Dooley also found a bundle of 25 plastic containers containing crack cocaine in a pocket on the passenger door, and, in the glove compartment, 12 clear plastic containers with a green leafy substance consistent with what he found on Lerma's person. In the center console, he found 2 medium-sized clear plastic bags and 17 clear containers also filled with the same green leafy substance. In between the front passenger seat and the center console, Officer Dooley discovered a .22 caliber handgun. In the back seat, he found numerous empty containers and a scale.

Officer Dooley did not see Appellant operate the vehicle or make any moves inside the vehicle before Appellant fled. He likewise did not see Appellant with anything in his hands or jettison anything from his person as he ran away. He did see Mr. Daut make furtive movements in the back seat. Officer Dooley's investigation revealed that Appellant was not the owner of the white Nissan.

The next day, Officer Dooley participated in a photographic identification session. He identified a photograph depicting Appellant, and he later testified that he was seventy percent sure that the person in the photograph is the person who fled from the Nissan. Officer Dooley noted that Appellant's red

beard specifically stood out to him. Officer Teetz also identified Appellant as the person he spoke with, and who ran from the car.

Police arrested Appellant, and the Commonwealth charged him with Possessing a Firearm Prohibited, Carrying a Firearm Without a License, Carrying a Loaded Weapon, Carrying a Firearm on a Public Street, Knowing and Intentional Possession of a Controlled Substance, and Possessing a Controlled Substance With Intent to Deliver.

Appellant proceeded to a bench trial on February 11, 2019. At Appellant's trial, the Commonwealth presented the testimony of Officers Dooley and Teetz. At the close of the Commonwealth's case, Appellant moved for a Judgment of Acquittal, which the trial court granted in part and denied in part.[5] Appellant did not testify or offer any evidence on his own behalf.[6] Following the trial, the court convicted Appellant of the above charges.

On May 2, 2019, the court sentenced Appellant to a term of two to five years' incarceration on his Possessing a Firearm Prohibited conviction, followed by five years' probation. The court also sentenced Appellant to two

---

[5] The court granted Appellant's Motion for Judgment of Acquittal on charges of Possessing a Controlled Substance With Intent to Deliver and Criminal Conspiracy.

[6] Appellant and the Commonwealth stipulated that, for purposes of 18 Pa.C.S § 6105, Appellant is ineligible to possess a firearm based on a prior conviction.

concurrent terms of five years' probation on Appellant's Carrying a Firearm Without a License and Carrying a Firearm on a Public Street convictions.[7]

This timely appeal followed.[8]  Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following two issues on appeal:

[1.] Whether the [t]rial [c]ourt erred by denying the Motion for Acquittal as to all charges?

[2.] Whether the [t]rial [c]ourt erred by finding [Appellant] guilty of some of the charges?

Appellant's Brief at xii.

In his first issue, Appellant purports to challenge the trial courts' denial of his Motion for Judgment of Acquittal as to "all charges."  Before we reach the merits of this claim, we must consider whether Appellant has preserved it.

Although Appellant asserts in his Brief that the Commonwealth's evidence was insufficient "to establish all of the elements for each offense[,]" he has developed his sufficiency claim only as it pertains to his convictions of Possession of Firearm Prohibited and Possession of a Controlled Substance. *Id.* at 10-17.  Because Appellant has not set forth any argument challenging the sufficiency of the Commonwealth's evidence in support of his Carrying a

---

[7] The court imposed no further penalty on Appellant's Carrying a Loaded Weapon and Knowing and Intentional Possession of a Controlled Substance convictions.

[8] Appellant did not file any post-trial motions.

Firearm Without a License, Carrying a Loaded Weapon, or Carrying a Firearm on a Public Street convictions, we find these claims waived. *See* Pa.R.A.P. 2119(a); *Commonwealth v. Luktisch,* 680 A.2d 877, 879 n.1 (Pa. 1996) (holding that an issue is waived where the defendant failed to develop an argument in his appellate brief and cited no authority).

**Appellant's Issues**

We turn now to Appellant's claims that the trial court erred in not granting his Motion for Judgment of Acquittal on the Possession of Firearm Prohibited and Knowing and Intentional Possession of a Controlled Substance charges because the Commonwealth did not present evidence to prove each element of the charges. Appellant's Brief at 11-17. With respect to the Possession of a Firearm Prohibited conviction, Appellant asserts that his mere presence in the vehicle and his flight from the vehicle, absent other evidence, were insufficient to prove that he constructively possessed the firearm found by Officer Dooley found under the driver's seat. *Id.* at 13. He further asserts that the passenger sitting in the front passenger seat had greater access to and control over the firearm. *Id.*

With respect to his Knowing and Intentional Possession of a Controlled Substance conviction, Appellant argues that he could not have constructively possessed the drugs since they were not on his person or accessible to him.[9]

_____

[9] In support of this argument, Appellant has mischaracterized the location of the drugs found in the car, claiming that "the center console only contained

- 6 -

*Id.* at 17. To this end, Appellant has mischaracterized the location of the drugs found in the car, erroneously claiming that "the center console only contained drug paraphernalia, and the drugs were either found in the back seat of the vehicle . . . or on Lerma's person."

**Standard of Review**

We review claims regarding the sufficiency of the evidence by considering whether, "viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt."[10]

*Commonwealth v. Melvin*, 103 A.3d 1, 39 (Pa. Super. 2014) (citation omitted). Further, a conviction may be sustained wholly on circumstantial evidence, and the trier of fact—while passing on the credibility of the witnesses and the weight of the evidence—is free to believe all, part, or none of the evidence. *Id.* at 40 (citation omitted). "Because evidentiary sufficiency is a matter of law, our standard of review is *de novo* and our scope of review is plenary." *Commonwealth v. Brooker*, 103 A.3d 325, 330 (Pa. Super. 2014).

---

drug paraphernalia, and the drugs were either found in the back seat of the vehicle . . . or on Lerma's person." Appellant's Brief at 17. Officer Dooley's testimony, found credible by the trial court, that he found drugs in the pocket in the passenger side door, in the glove compartment, and in the center console belies this assertion. N.T. at 25.

[10] We review the trial court's denial of a motion for a judgment of acquittal under the same standard. *Commonwealth v. Emanuel*, 86 A.3d 892, 894 (Pa. Super. 2014).

- 7 -

The trial court convicted Appellant of both firearm charges and drug charges. Appellant's drug conviction was based upon the Controlled Substance, Drug, Device & Cosmetic Act, 35 P.S. § 780-101, et seq. Section 780-113(a)(16) of the Controlled Substance, Drug, Device & Cosmetic Act requires the Commonwealth to prove that a defendant "[**k**]**nowingly or intentionally possess**[**ed**] a controlled or counterfeit substance." 35 P.S. §§ 780-113(a)(16) (emphasis added).

Appellant's firearm conviction was based on Section 6105 of the Uniform Firearms Act, which prohibits, in relevant part, a person convicted of an enumerated offense from possessing a firearm.[11] 18 Pa.C.S § 6105(a)(1).

Both types of convictions require the Commonwealth to prove that Appellant "possessed" the contraband. The Crimes Code defines the term "possession" as "an act, within the meaning of this section, if the possessor knowingly procured or received the thing possessed or was aware of his control thereof for a sufficient period to have been able to terminate his possession." 18 Pa.C.S. § 301(c). Because possession is the only statutory element Appellant challenges, we address his two issues together.

**Constructive Possession**

We have held that "[p]ossession can be found by proving actual possession, constructive possession, or joint constructive possession." ***Commonwealth v. Parrish***, 191 A.3d 31, 36 (Pa. Super. 2018) (citation

---

[11] Appellant does not dispute that he is a person convicted of an offense enumerated in Section 6105.

omitted). Where a defendant is not in actual possession of the prohibited items, the Commonwealth must establish that the defendant had constructive possession to support the conviction. *Commonwealth v. Hopkins*, 67 A.3d 817, 820 (Pa. Super. 2013). "Constructive possession is a legal fiction, a pragmatic construct to deal with the realities of criminal law enforcement." *Id.* at 820 (citation omitted). "We have defined constructive possession as conscious dominion," meaning that the defendant has "the power to control the contraband and the intent to exercise that control." *Id.* (citation omitted). "To aid application, we have held that constructive possession may be established by the totality of the circumstances." *Id.* (citation omitted).

It is well established that, "[a]s with any other element of a crime, constructive possession may be proven by circumstantial evidence." *Commonwealth v. Haskins*, 677 A.2d 328, 330 (Pa. Super. 1996) (citation omitted). *See*, *e.g.*, *Commonwealth v. Davis*, 743 A.2d 946, 953-54 (Pa. Super. 1999) (holding that evidence was sufficient to prove constructive possession over drugs found in common areas of an apartment where the defendant entered the apartment using his own key, possessed $800 in cash on his person, and police recovered defendant's identification badge, size-appropriate clothing, and firearms from a bedroom). The Commonwealth can prove constructive possession if the defendant shared with another actor or actors equal access and joint control of an area where the drug or gun was located. *Commonwealth v. Mudrick*, 507 A.2d 1212, 1214 (Pa. 1986).

In addition, evidence of flight is admissible to establish an inference of a defendant's consciousness of guilt. ***Commonwealth v. Spotz***, 870 A.2d 822, 825 n.10 (Pa. 2005). ***See also Commonwealth v. Johnson***, 838 A.2d 663, 681 (Pa. 2003) (same).

In the instant case, the trial court, which sat as the finder of fact, explained its verdict of guilt as follows:

> The evidence, when viewed in the light most favorable to the Commonwealth, clearly established that Appellant constructively possessed the gun found under his seat and some of the drugs secreted in various locations in the car, including the center console. That is because a gun was found under the seat Appellant was sitting in and some of the drugs were collected from the center console, locations [to] which Appellant had easy access []. In addition, Appellant manifested consciousness of guilt by fleeing the vehicle after the police began to get out of their vehicle.

Trial Ct. Op., 9/10/19, at 8 (citations omitted).

We agree with the trial court that in light of the controlling authority, and viewing the circumstantial and direct evidence in the light most favorable to the Commonwealth as verdict-winner as we must, the Commonwealth's evidence was sufficient to prove that Appellant constructively possessed the gun and the drugs found by police in the Nissan. ***See***, ***e.g.***, ***Commonwealth v. Haskins***, 677 A.2d 328, 330 (Pa. Super. 1996) (constructive possession established where the appellant was the driver of the car and the contraband was recovered from the glove compartment and trunk, which are "areas usually only accessible to the operator of a vehicle"); ***Commonwealth v. Bentley***, 419 A.2d 85, 87 (Pa. Super. 1980) (constructive possession established where the appellant was the driver because the gun was within

the appellant's easy reach, two bullets were near the driver's door, and police saw the appellant and a passenger locking the car's doors after the police responded to the scene where the car had been in an accident). Accordingly, Appellant's claim that the trial court erred in not granting his Motion for Judgment of Acquittal of his two possessory offenses fails because the Commonwealth's evidence was sufficient.

Judgment of Sentence affirmed.

Judgment Entered.



Joseph D. Seletyn, Esq.
Prothonotary


Date: 04/21/2020