J-S49003-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
                                          :          PENNSYLVANIA
                                          :
          v.                       :
                                            :
LARRY E. SMITH,             :
                                          :
              Appellant       :     No. 549 WDA 2016

Appeal from the Judgment of Sentence March 18, 2016
In the Court of Common Pleas of Blair County
Criminal Division at No.: CP-07-CR-0001415-2014

BEFORE: DUBOW, J., SOLANO, J., and FITZGERALD J.[*]

MEMORANDUM BY DUBOW, J.:          **FILED SEPTEMBER 12, 2017**

Appellant, Larry E. Smith, appeals from the Judgment of Sentence entered in the Blair County Court of Common Pleas, following his conviction after a jury trial for Persons Not to Possess Firearms.[1]  He challenges the sufficiency of the evidence.  After careful review, we affirm.

The relevant facts, as gleaned from the certified record, are as follows. The instant charges stemmed from the Pennsylvania State Police's seven-month investigation into Appellant's suspected drug activity with co-conspirator Gary Williams.  Police used a confidential informant ("CI") to conduct several controlled buys of narcotics from Appellant and Williams.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 6105.

On May 8, 2014, police conducted a final controlled buy of narcotics at the CI's residence. Before the controlled buy of narcotics with the CI, police observed Appellant and Williams exit 1818 15th Avenue in Altoona, Pennsylvania, as they had on numerous prior occasions. Police arrested Appellant and Williams after the controlled buy with the CI. Police recovered $500 of prerecorded buy money from Appellant and a key to the second-floor apartment at 1818 15th Avenue.

Police obtained and executed a search warrant for Appellant's apartment at 1818 15th Avenue. Police found marijuana packaged in the same manner as marijuana obtained during all of the previous controlled buys, codeine-laced cough syrup, cocaine, heroin, unused baggies for packaging, a digital scale, "a fake can" for hiding items, $1990 in U.S. currency, and a Sig Sauer 9mm pistol. Police recovered all of the drugs, distribution paraphernalia, and the firearm from common areas of the apartment.

Pennsylvania State Trooper Steven Peterson testified that he participated in executing the search warrant at Appellant's apartment and found the 9mm Sig Sauer pistol in the pocket of Lucky brand blue jeans in a large pile of clothing bags located in a common hallway area in the apartment. Police also discovered mail addressed to both Appellant and Williams within the apartment.

The Commonwealth charged Appellant with numerous drug-related offenses, as well as Persons Not to Possess Firearms. Appellant litigated a Motion to Suppress the evidence recovered during the May 8, 2014 search of the apartment, which the suppression court denied. On July 29, 2015, the trial court granted Appellant's Motion to Sever the instant firearm charge from the drug-related offenses.[2]

Appellant proceeded to a jury trial. Appellant filed a Motion for Judgment of Acquittal after the Commonwealth rested its case-in-chief, and renewed the Motion after the close of evidence, which the trial court denied. On December 18, 2015, a jury convicted Appellant of Persons Not to Possess Firearms following a two-day jury trial. The trial court imposed a term of four to ten years' imprisonment for Appellant's firearm conviction.

Appellant filed a timely Notice of Appeal on April 15, 2016. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant presents the following issue for our review:

> Whether the [t]rial [c]ourt erred by denying Appellant's Motion for Judgment of Acquittal because the testimony and evidence presented during the two (2) day criminal trial was insufficient to establish each material element of the crime charged and the commission thereof by [Appellant] beyond a reasonable doubt.

---

[2] A jury convicted Appellant of the drug-related offenses, and the trial court imposed a term of 9½ to 19 years' imprisonment. This Court affirmed Appellant's Judgment of Sentence on December 9, 2016. **Commonwealth v. Smith**, No. 1802 WDA 2015 (Pa. Super. filed Dec. 9, 2016) (unpublished memorandum).

Appellant's Brief at 4.

"A motion for judgment of acquittal challenges the sufficiency of the evidence to sustain a conviction on a particular charge, and is granted only in cases in which the Commonwealth has failed to carry its burden regarding that charge." ***Commonwealth v. Abed***, 989 A.2d 23, 26 (Pa. Super. 2010) (citations omitted). Appellant challenges the sufficiency of the evidence supporting his firearm conviction.

We review claims regarding the sufficiency of the evidence by considering whether, "viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt." ***Commonwealth v. Melvin***, 103 A.3d 1, 39 (Pa. Super. 2014) (citation and quotation omitted). Further, a conviction may be sustained wholly on circumstantial evidence, and the trier of fact—while passing on the credibility of the witnesses and the weight of the evidence—is free to believe all, part, or none of the evidence. ***Id***. at 40 (citation and quotation omitted). In conducting this review, the appellate court may not weigh the evidence and substitute its judgment for the fact-finder. ***Id***. at 39-40 (citation and quotation omitted).

The trial court found Appellant guilty of the firearms offense codified at 18 Pa.C.S. § 6105(a)(1). Section 6105, Persons Not to Possess Firearms provides, in relevant part, that "[a] person who has been convicted of an

offense enumerated in subsection (b) . . . shall not possess, use, control, sell, transfer or manufacture or obtain a license to possess, use, control, sell, transfer or manufacture a firearm in this Commonwealth." 18 Pa.C.S. § 6105(a)(1).

Appellant specifically challenges the evidence supporting the possession element of this offense. Appellant argues that the Commonwealth failed to present sufficient circumstantial evidence to establish that Appellant constructively possessed the firearm.[3] Appellant's Brief at 14-19. Thus, we limit our analysis to this element only.[4]

This Court has held that "[p]ossession can be found by proving actual possession, constructive possession, or joint constructive possession." ***Commonwealth v. Heidler***, 741 A.2d 213, 215 (Pa. Super. 1999). Where a defendant is not in actual possession of the recovered firearm, the Commonwealth must establish that the defendant had constructive possession to support the conviction. ***Commonwealth v. Hopkins***, 67 A.3d 817, 820 (Pa. Super. 2013). "Constructive possession is a legal fiction, a pragmatic construct to deal with the realities of criminal law enforcement."

_____

[3] We note that the Commonwealth did not argue that Appellant actually possessed the firearm. N.T. Trial, 12/18/15, at 17. Rather, the Commonwealth relied on a theory of joint constructive possession. ***Id.***

[4] Appellant concedes that "[t]here was ample testimony proffered by the Commonwealth to show that [Appellant] is in the class of individuals who is not to own a firearm." Appellant's Brief at 14 (citing N.T. Trial, 12/17/15, at 37-39).

*Id.* (citation and quotation omitted). "We have defined constructive possession as conscious dominion." *Id.* (citation and quotation omitted). "We subsequently defined conscious dominion as the power to control the contraband and the intent to exercise that control." *Id.* (citation and quotation omitted). "To aid application, we have held that constructive possession may be established by the totality of the circumstances." *Id.* (citation and quotation omitted).

It is well established that, "[a]s with any other element of a crime, constructive possession may be proven by circumstantial evidence." *Commonwealth v. Haskins*, 677 A.2d 328, 330 (Pa. Super. 1996) (citation omitted).. In other words, the Commonwealth must establish facts from which the trier of fact can reasonably infer that the defendant exercised dominion and control over the weapon. *See, e.g., Commonwealth v. Davis*, 743 A.2d 946, 953-54 (Pa. Super. 1999) (holding evidence was sufficient to prove constructive possession over drugs found in common areas of apartment where defendant entered apartment using his own key, possessed $800 in cash on his person, and police recovered defendant's identification badge, size-appropriate clothing, and firearms from a bedroom).

It is insufficient to infer "dominion and control" when the Commonwealth only provides evidence of the defendant's presence. *See Commonwealth v. Valette*, 613 A.2d 548, 551 (Pa. 1992) (holding mere

presence at a place where contraband is found or secreted is insufficient standing alone to prove constructive possession). Moreover, if the only inference that the fact finder can make from the facts is a suspicion of possession, the Commonwealth has failed to prove constructive possession. *Id*. "It is well settled that facts giving rise to mere 'association,' 'suspicion' or 'conjecture,' will not make out a case of constructive possession." *Id*.

Here, the trial court summarily concluded that the evidence was sufficient to support Appellant's conviction for Persons Not to Possess Firearms. Trial Court Opinion, filed 1/27/16, at 4-5. After reviewing the record and case law, we agree with the trial court's conclusion.

The extensive testimony about the lengthy investigation showed Appellant and Williams were engaged in an ongoing drug distribution scheme based out of their shared apartment at 1818 15th Avenue. The Commonwealth established that Appellant frequently entered and exited this apartment, that Appellant had his own key to the apartment, and that Appellant had mail addressed to him at 1818 15th Avenue inside the apartment. Appellant also had a cashable check inside the apartment.

From this evidence, it was reasonable for the jury to infer that Appellant exercised dominion and control over the apartment itself, as well as the numerous items in the common areas of the apartment. Since the police found the firearm in the jeans lying in a pile of clothing bags in the hallway of the apartment, the jury could reasonably infer that Appellant

exercised dominion and control over the gun as well. ***See Davis***, ***supra*** at 953-54. Accordingly, we conclude that the Commonwealth presented sufficient circumstantial evidence to establish that Appellant constructively possessed the firearm.

Appellant argues that the jury erroneously concluded that he exercised dominion and control over the gun because the police recovered the gun in a shared hallway closer to his co-conspirator's room and the defense witness testified that he brought the firearm into the apartment without Appellant's knowledge. This argument ignores our standard of review. We must view all of the evidence in the light most favorable to the Commonwealth as verdict winner and we may not reweigh the evidence and substitute our judgment for that of the fact-finder. ***See Melvin***, ***supra*** at 39-40.

Viewing the totality of the evidence in the light most favorable to the Commonwealth as the verdict winner, it is clear that the Commonwealth proved each element of Section 6105. Appellant's sufficiency challenge, thus, fails.

Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/12/2017