J-S42025-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
RAMON VERA :
:
Appellant : No. 1411 EDA 2019

Appeal from the Judgment of Sentence Entered April 22, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0008751-2018

BEFORE: PANELLA, P.J., OLSON, J., and MUSMANNO, J.

MEMORANDUM BY OLSON, J.: Filed: November 19, 2020

Appellant, Ramon Vera, appeals from the April 22, 2019 judgment of

sentence imposing nine months' probation after the trial court found Appellant

guilty of possession of a controlled substance.[1] We affirm.

The trial court summarized the factual history as follows:

On September 22, 2018, at approximately 9:55 a.m., Officer
Watson and his partner[,] Officer Rivera[,] were conducting a
narcotic[s'] surveillance [operation] in the area of 3100 Custard
Street, in the city and county of Philadelphia[, Pennsylvania].
Looking through the front windshield of his unmarked vehicle, and
using the aid of 10x50 binoculars, Officer Watson observed [an]
unknown black male engage in a hand-to-hand [drug] transaction
with an individual later identified as Meeker. Prior to leaving the
area, the unknown black male briefly spoke to Appellant [and then
walked] westbound on Clearfield Street and out of Officer

_____

[1] 35 P.S. § 780-113(a)(16). Appellant was sentenced to a minimum of nine
months' probation and a maximum of nine months' probation.

Watson's sight. Officer Watson then observed Appellant approach another male, later identified as [Bazzoli.[2]] They engaged in a conversation[,] and Appellant went to a nearby vacant lot. Officer Watson could not see in the lot or any of the items that were in the lot at that time. Once Appellant returned, he exchanged an object [with Bazzoli] for United States currency. After [Bazzoli] left the area, Officer Watson, gave his description and direction of travel to his backup officers. Officer Watson then observed another black male, later identified as [Kittrell[3]], approach Appellant. Appellant bent down and went under a [utility company] truck, parked six to eight [car lengths] in front of Officer Watson's vehicle. [Kittrell] immediately followed Appellant under the truck. At that point, Appellant retrieved objects from under the truck and dropped the objects in [Kittrell's] palm. [Kittrell] then left the area with another black male, later identified as Rollins, and handed Rollins the unknown objects. Officer Watson gave their description[s] to his backup officers.[4] Shortly after, Officer Watson observed Appellant go back to the vacant lot for about [five] minutes. He then exited the lot and went to the corner of Custard [Street] and [East] Allegheny [Avenue]. The length of the surveillance involving Appellant took approximately 30 minutes. In the presence of Officer Watson, backup officers arrested Appellant. Appellant did not attempt to run and no narcotics were found on his person. Upon inspection, no narcotics were recovered from the vacant lot [or from] the [utility company] truck. There was, however, $20[.00] of United Stated currency recovered from Appellant.

_____

[2] The trial court identified the male individual as "Razzoli." The record demonstrates that the correct spelling of the individual's last name is "Bazzoli." *See* Commonwealth Exhibit C-3.

[3] The trial court identified the male individual as "Kitrell." The record demonstrates that the correct spelling of the individual's last name is "Kittrell." *See* Commonwealth Exhibit C-2.

[4] Bazzoli, Kittrell, and Rollins were subsequently stopped by the police and, upon being searched, were each found to be in possession of a controlled substance, as discussed *infra*.

Trial Court Opinion, 12/6/19, at 1-2 (record citations and footnotes 1 and 2 omitted).

Appellant was charged with manufacture, delivery, or possession with the intent to manufacture or deliver a controlled substance[5] and possession of a controlled substance. Appellant waived his right to a trial-by-jury, and on April 16, 2019, the trial court found Appellant guilty of possession of a controlled substance.[6] On April 22, 2019, the trial court sentenced Appellant to nine months' probation. This appeal followed.[7]

Appellant raises the following issue for our review: "Was [A]ppellant's conviction impermissibly based on conjecture and speculation where the prosecution's evidence was insufficient to prove that [A]ppellant ever possessed [a] controlled substance?" Appellant's Brief at 4.

Appellant raises a sufficiency of the evidence claim for which our standard of review and scope of review is well-settled.

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of

---

[5] 35 P.S. § 780-113(a)(30).

[6] The trial court found Appellant not guilty of manufacture, delivery, or possession with the intent to manufacture or deliver a controlled substance.

[7] Appellant and the trial court complied with Pa.R.A.P. 1925.

innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proof or proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all the evidence actually received must be considered. Finally, the trier[-]of[-]fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part[,] or none of the evidence.

*Commonwealth v. Pappas*, 845 A.2d 829, 835-836 (Pa. Super. 2004) (citation omitted), *appeal denied*, 862 A.2d 1254 (Pa. 2004). To preserve a sufficiency claim, an appellant's Rule 1925(b) statement must specify the element or elements upon which the evidence was insufficient. *Commonwealth v. Williams*, 959 A.2d 1252, 1257 (Pa. Super. 2008).

Section 780-113(a)(16) of The Controlled Substance, Drug, Device and Cosmetic Act prohibits the act of:

[k]nowingly or intentionally possessing a controlled or counterfeit substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, unless the substance was obtained directly from, or pursuant to, a valid prescription order or order of a practitioner, or except as otherwise authorized by this act.

35 P.S. § 780-113(a)(16). A defendant possesses a controlled substance for purposes of Section 780-113(a)(16) if the defendant "knowingly procured or received the [controlled substance] possessed or was aware of his control thereof for a sufficient period to have been able to terminate his possession." 18 Pa.C.S.A. § 301. "Possession can be found by proving actual possession,

constructive possession[,] or joint constructive possession." *Commonwealth v. Heidler*, 741 A.2d 213, 215 (Pa. Super. 1999) (citations omitted), *appeal denied*, 758 A.2d 660 (Pa. 2000). Where a defendant is not in physical possession of the controlled substance, the Commonwealth is required to establish that the defendant had constructive possession of the controlled substance to support the conviction. *Commonwealth v. Hopkins*, 67 A.3d 817, 820 (Pa. Super. 2013), *appeal denied*, 78 A.3d 1090 (Pa. 2013).

> Constructive possession is a legal fiction, a pragmatic construct to deal with the realities of criminal law enforcement. Constructive possession is an inference arising from a set of facts that possession of the contraband was more likely than not. We []defined constructive possession as conscious dominion. We subsequently defined conscious dominion as the power to control the contraband and the intent to exercise that control. To aid application, we []held that constructive possession may be established by the totality of the circumstances.

*Id.* (citation omitted). The Commonwealth may prove constructive possession by circumstantial evidence or, stated another way, the Commonwealth may "establish facts from which the [trier-of-fact] can reasonably infer that the defendant exercised dominion and control over the contraband at issue." *Commonwealth v. Parrish*, 191 A.3d 31, 37 (Pa. Super. 2018) (citations omitted), *appeal denied*, 202 A.3d 42 (Pa. 2019).

Here, Appellant contends that the Commonwealth "failed to prove beyond a reasonable doubt that [A]ppellant possessed or constructively possessed a controlled substance, and/or the specific type of [] controlled substance[.]" Appellant's Rule 1925(b) Statement, 7/10/19, at ¶ 4; *see also*

Appellant's Brief at 11-18. Appellant argues that he was convicted of possession of a controlled substance despite the absence of a controlled substance found on his person at the time of arrest or evidence establishing that Appellant provided a controlled substance to two individuals (Bazzoli and Kittrell). Appellant's Brief at 11-12. Appellant asserts that "[b]ecause there was no direct evidence to determine when or from whom the two males (Bazzoli and Kittrell) acquired the drugs found on them, this evidence, absent conjecture or speculation, was insufficient to prove that [A]ppellant possessed or delivered drugs to them, and is insufficient to prove guilt beyond a reasonable doubt." *Id.* at 12.

In finding sufficient evidence to support a conviction of possession of a controlled substance, the trial court stated,

> While there were no drugs found in the vacant lot or under the [utility company] truck, there is substantial evidence that [Appellant exercised a] power to control and the intent to exercise that control over the recovered controlled substances. [Officer Watson] observed two[8] different buyers exchange United States currency for objects retrieved from Appellant. Appellant retrieved those objects from two different locations. Notably, two separate drugs were recovered from the buyers. [Officer Watson] observed Appellant engage in these transaction[s]. Additionally, [the police surveillance] was not a quick interaction. This surveillance took approximately 30 minutes to confirm that [] criminal activity was afoot. When viewed in their totality, the facts and circumstances support the finding that Appellant was in constructive possession of the controlled substances [later] found on the two buyers,

---

[8] The record demonstrates that only one individual (Bazzoli) provided Appellant United Stated currency in exchange for the item received. N.T., 4/16/19, at 14-15.

[Bazzoli and Kittrell]. The abovementioned facts and observations [were] not based on conjecture. Nor [were they] based on speculation.

Trial Court Opinion, 12/6/19, at 5-6.

The record demonstrates that Officer Watson positioned himself in an unmarked surveillance vehicle for purposes of observing suspected drug activity in the area of Custer Street and that he witnessed such activity between an individual, who was not Appellant, and a third-party. During his surveillance, Officer Watson observed Appellant enter a vacant lot, where he remained for several minutes. Upon exiting the vacant lot, Appellant engaged in an encounter with Bazzoli in which Appellant exchanged an item, which Officer Watson was not able to identify from his surveillance location, for currency provided by Bazzoli. N.T., 4/16/19, at 14, 23. The parties stipulated that Bazzoli was subsequently stopped by another police officer and a "green leafy substance" was discovered on Bazzoli's person. *Id.* at 32-33; *see also* Commonwealth Exhibit C-3. The substance obtained from Bazzoli's person was identified as marihuana. Commonwealth Exhibit C-3A. The parties also stipulated that at the time Appellant was stopped by the police, he had $20.00 on his person. N.T., 4/16/19, at 33. Upon a search of the vacant lot, the police did not recover any controlled substances. *Id.* at 29.

After Appellant completed his transaction with Bazzoli, Kittrell approached Appellant. *Id.* at 15. Both men positioned themselves under a utility company truck that was parked on the same side of the street as, and six to eight car lengths away from, Officer Watson's surveillance vehicle. *Id.*

at 15. Once under the truck, Appellant retrieved an object, which Officer Watson was not able to identify, and gave that object to Kittrell. *Id.* at 15, 24-25. Upon exiting from under the truck, Kittrell walked away from Appellant and encountered a third individual, later identified as Rollins. *Id.* Kittrell handed the object he received from Appellant to Rollins. *Id.* The parties stipulated that Kittrell was stopped a short time after his transaction with Appellant and was found with "one clear packet with a blue glassine insert stamped [`]Chuckie[`] which contained an off-white powdery substance." *Id.* at 33; *see also* Commonwealth Exhibit C-2. The substance obtained from Kittrell's person was heroin and fentanyl. Commonwealth Exhibit C-2A.[9] The police did not recover any controlled substances upon a search of the utility company truck. N.T., 4/16/19, at 29.

In viewing all of the evidence presented at trial **in the light most favorable to the Commonwealth**, as verdict winner, there is sufficient evidence to enable the trial court, as fact-finder, to find that Appellant constructively possessed the controlled substances. Appellant relies on *Commonwealth v. Lawson*, 309 A.2d 391 (Pa. 1973), and its progeny of cases, in support of his argument that "a single commercial transaction on a public street, even when accompanied by other [`]suspicious[`] factors, is

---

[9] The parties stipulated that Rollins was stopped and was found with "two clear packets, each with a blue glassine insert stamped [`]Chuckie[`] that contained an off-white powdery substance." N.T., 4/16/19, at 33; *see also* Commonwealth Exhibit C-1. The substance contained in the two packets was heroin. Commonwealth Exhibit C-1A.

insufficient to establish **even probable cause**." Appellant's Brief at 12 (emphasis added). We find Appellant's argument, and his reliance on this line of cases, unavailing in the case *sub judice*. Appellant in the case *sub judice* did not challenge the constitutionality of his arrest, *i.e.* whether there was probable cause to support Appellant's arrest but, rather, challenged the sufficiency of the evidence to support his conviction. The facts of **Lawson**, on the issue of constructive possession, are analogous to the facts in the case *sub judice*. In **Lawson**, our Supreme Court found there was sufficient evidence to establish constructive possession of a controlled substance by the husband where the evidence demonstrated that the husband obtained items from the wife, the husband then handed the items to a buyer, and items, similar to the items distributed by the husband to the buyer, were subsequently found on the wife's person and determined to be a controlled substance. **Lawson**, 309 A.2d at 395. The **Lawson** Court stated, "it could be reasonably inferred that both the husband and the wife controlled and sold the" controlled substance. **Id.**

In the instant case, the evidence established through the surveillance and interdiction efforts of the police demonstrated that Appellant obtained items from the alley and from underneath the utility company truck, that Appellant handed the items to the buyers, and that items subsequently recovered from the buyers included controlled substances (marihuana, heroin, and fentanyl). The totality of the circumstances demonstrates that Appellant's constructive possession of the controlled substances is inferred from the facts,

namely Appellant's suspicious interactions with Bazzoli and Kittrell, during which Appellant handed each individual an item, or items, and the later discovery of controlled substances on each individual's person within a close proximity of time to their interaction with Appellant. *See Commonwealth v. Bostick*, 958 A.2d 543, 561 (Pa. Super. 2008) (finding sufficient evidence of constructive possession of a controlled substance where police officers observed the defendant engaging in separate transactions with buyers who were later found in possession of a controlled substance), a*ppeal denied*, 987 A.2d 158 (Pa. 2009). Therefore, Appellant's issue is without merit.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/19/20