J-A09018-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
ROBERT SEWELL, :
:
Appellant : No. 638 WDA 2017

Appeal from the Judgment of Sentence March 30, 2017
In the Court of Common Pleas of Allegheny County
Criminal Division at No.: CP-02-CR-0009625-2016

BEFORE: BOWES, J., DUBOW, J., and MURRAY, J.

MEMORANDUM BY DUBOW, J.: **FILED AUGUST 1, 2018**

Appellant, Robert Sewell, appeals from the Judgment of Sentence entered in the Allegheny County Court of Common Pleas, following his convictions after a bench trial for Possession of a Controlled Substance and Possession of a Small Amount of Marijuana.[1]  He challenges the sufficiency of the evidence.  After careful review, we affirm.

The relevant facts, as gleaned from the certified record, are as follows. The instant charges stemmed from the police recovering drugs during the execution of an unrelated arrest warrant at Appellant's residence.  On February 20, 2016, Police Officer John Betarie assisted the Allegheny County Sheriff's Department with executing an arrest warrant for William Weis at 343 East 12th Avenue in Homestead.  Police approached the front and side door,

---

[1] 35 P.S. § 780-113(a)(16) and 35 P.S. § 780-113(a)(31), respectively.

but no one answered. Someone looked out the window, but refused to open the door. After approximately ten minutes, other officers forcibly entered the side door and opened the front door. Liette Young was on the first floor when police entered the home, and she initially provided a false name to police.

Officer Betarie entered the front door, proceeded to the second floor, and encountered Appellant. Upon walking up the stairs, Officer Betarie observed that the second floor consisted of a living room area, a bedroom, and a kitchen area. Appellant was walking out of a bedroom area when Officer Betarie first entered the living room area. Appellant stated that he did not hear the police knocking because he was sleeping, and that he rented the bedroom from Young.

While other deputies escorted Appellant downstairs, Officer Betarie searched the second floor. On an end table in the living room approximately 10-15 feet from Appellant's bedroom, Officer Betarie observed a bundle of heroin and a small knotted baggie of marijuana within a few inches of a black wallet, which contained Appellant's identification. Police only found Appellant and Young in the home.

The Commonwealth charged Appellant with Possession of a Controlled Substance and Possession of a Small Amount of Marijuana. On March 30, 2017, Appellant proceeded to a bench trial and the trial court found Appellant guilty of the above offenses. That same day, the trial court imposed a term of six to twelve months' imprisonment for Appellant's Possession of a

Controlled Substance conviction, and imposed no further penalty for Appellant's Possession of a Small Amount of Marijuana conviction. The trial court granted Appellant immediate parole.

Appellant filed a timely Notice of Appeal on April 28, 2017. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant presents the following issue for our review:

> Did [Appellant] constructively possess heroin and marijuana located in a common area of the residence he shared with at least two other individuals who have equally unfettered access to this room?

Appellant's Brief at 4 (capitalization omitted).

Appellant's sole issue on appeal challenges the sufficiency of the evidence to support each of his convictions. *See* Appellant's Brief at 10-18.

"A claim challenging the sufficiency of the evidence is a question of law." *Commonwealth v. Widmer*, 744 A.2d 745, 751 (Pa. 2000). "We review claims regarding the sufficiency of the evidence by considering whether, viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt." *Commonwealth v. Miller*, 172 A.3d 632, 640 (Pa. Super. 2017) (internal quotation marks and citations omitted). "Further, a conviction may be sustained wholly on circumstantial evidence, and the trier of fact—while passing on the credibility of the witnesses and the weight of the evidence—is free to believe all, part, or none of the evidence." *Id.* "In conducting this review, the appellate court

may not weigh the evidence and substitute its judgment for the fact-finder."
*Id.*

The trial court found Appellant guilty of Possession of a Controlled Substance and Possession of a Small Amount of Marijuana. Evidence is sufficient to support a conviction for Possession of a Controlled Substance if the Commonwealth shows that the defendant, "knowingly or intentionally possess[ed] a controlled or counterfeit substance[.]" 35 P.S. § 780-113(a)(16).

To sustain a conviction for Possession of a Small Amount of Marijuana, the Commonwealth was required to prove, in relevant part, that Appellant knowingly or intentionally possessed less than 30 grams of marijuana for personal use only. 35 P.S. § 780-113(a)(31).

Appellant specifically challenges the evidence supporting the possession element of these offenses. Appellant argues that the Commonwealth failed to present sufficient circumstantial evidence to establish that Appellant constructively possessed the drugs. Appellant's Brief at 10-18. Thus, we limit our analysis to this element only.

Appellant contends that: (1) police did not recover the drugs from his person; (2) police recovered the drugs and wallet from a table that "was situated in a common area that was accessible to the two other people living in the residence[;]" (3) police never observed Appellant near the table and he

was "merely present" in the house, which is insufficient; and (4) there was no "forensic evidence" linking Appellant to the drugs. *Id.*

This Court has held that "[p]ossession can be found by proving actual possession, constructive possession[,] or joint constructive possession." *Commonwealth v. Heidler*, 741 A.2d 213, 215 (Pa. Super. 1999). Where a defendant is not in actual possession of the item, the Commonwealth must establish that the defendant had constructive possession to support the conviction. *Commonwealth v. Hopkins*, 67 A.3d 817, 820 (Pa. Super. 2013). "Constructive possession is a legal fiction, a pragmatic construct to deal with the realities of criminal law enforcement." *Id.* (citation and quotation omitted).

"We have defined constructive possession as conscious dominion." *Id.* (citation and quotation omitted). "We subsequently defined conscious dominion as the power to control the contraband and the intent to exercise that control." *Id.* (citation and quotation omitted). "To aid application, we have held that constructive possession may be established by the totality of the circumstances." *Id.* (citation and quotation omitted).

It is well established that, "[a]s with any other element of a crime, constructive possession may be proven by circumstantial evidence." *Commonwealth v. Haskins*, 677 A.2d 328, 330 (Pa. Super. 1996) (citation omitted). In other words, the Commonwealth must establish facts from which the trier of fact can reasonably infer that the defendant exercised dominion

and control over the drugs. *See, e.g., Commonwealth v. Davis*, 743 A.2d 946, 953-54 (Pa. Super. 1999) (holding evidence was sufficient to prove constructive possession over drugs found in common areas of apartment where defendant entered apartment using his own key, possessed $800 in cash on his person, and police recovered defendant's identification badge, size-appropriate clothing, and firearms from a bedroom).

It is insufficient to infer dominion and control when the Commonwealth only provides evidence of the defendant's presence. *See Commonwealth v. Valette*, 613 A.2d 548, 550-51 (Pa. 1992) (holding mere presence at a place where contraband is found or secreted is insufficient standing alone to prove constructive possession). "It is well settled that facts giving rise to mere 'association,' 'suspicion' or 'conjecture,' will not make out a case of constructive possession." *Id.* at 551.

Here, the trial court concluded that the evidence showed that Appellant constructively possessed the drugs and the Commonwealth presented sufficient evidence to support each of Appellant's convictions. Trial Court Opinion, filed 10/18/17, at 2-3 (unpaginated). After reviewing the record and case law, we agree with the trial court's conclusion.

The fact-finder properly inferred that Appellant constructively possessed the heroin and marijuana on the end table next to his bedroom from the following facts. Appellant was exiting his nearby bedroom within 10 to 15 feet of the end table when police first encountered him on the second floor. No

one else was present on the second floor, and Appellant admitted that he rented the bedroom on the second floor from Young. The drugs were inches away from Appellant's wallet, which included his identification.

From this evidence, it was reasonable for the trial court to infer that Appellant exercised dominion and control over the second-floor apartment itself, as well as the items on the end table in the second-floor living room area. **See Davis**, **supra** at 953-54. Accordingly, we conclude that the Commonwealth presented sufficient circumstantial evidence to establish that Appellant constructively possessed the drugs on the end table.

Appellant claims that there are numerous other innocent explanations for the presence of these drugs near his wallet without his knowledge. Appellant's Brief at 14 (opining that Young, or even Weis, could have placed the drugs on the end table).[2] Appellant is essentially asking this court to view the evidence in the light most favorable to him rather than the Commonwealth as the verdict winner. This argument ignores our standard of review. "We

_____

[2] Even if the trial court had accepted Appellant's version of events, it is no defense that someone else in the home could have exercised conscious dominion over the drugs. "Possession of an illegal substance need not be exclusive; two or more can possess the same drug at the same time." **Commonwealth v. Macolino**, 469 A.2d 132, 136 (Pa. 1983). **See also Commonwealth v. Muniz**, 5 A.3d 345, 349 (Pa. Super. 2010) ("Indeed, the court in this matter no doubt considered the possibility that Baldwin could have placed the drugs in Appellant's room without Appellant's knowledge. However, based upon the court's determination, it is equally clear that the court rejected that notion. Given our standard of review, we are bound by that determination.").

must view all of the evidence in the light most favorable to the Commonwealth as verdict winner and we may not reweigh the evidence and substitute our judgment for that of the fact-finder." **Miller**, 172 A.3d at 641.[3]

Viewing the totality of the evidence in the light most favorable to the Commonwealth as the verdict winner, it is clear that the Commonwealth presented sufficient evidence to support each of Appellant's convictions. Appellant's sufficiency challenge, thus, fails.

Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/1/2018

---

[3] Appellant's passing assertions that he did not have drug packaging materials or user paraphernalia, which he contends proves he is innocent, are similarly unpersuasive since it is within the province of the fact-finder to weigh the evidence.